# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1285V

|  |  |
|---|---|
| CHERYL LARSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 11, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On April 26, 2021, Cheryl Larson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on September 29, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 11, 2023, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer, I award Petitioner a lump sum payment of $76,765.27 (representing $75,000.00 for pain and suffering, and $1,765.27 for unreimbursable medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHERYL LARSON,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | )<br>)<br>)<br>)<br>)<br>)  No. 21-1285V (ECF)<br>)  Chief Special Master Brian H. Corcoran<br>)<br>)<br>)<br>)<br>)<br>) |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 29, 2023, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On the same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") and related sequela.

**I.    Amount of Compensation**

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$76,765.27.** The award is comprised of the following: $75,000.00 for pain and suffering, and $1,765.27 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following:[1]

A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner should be made through:

> a lump sum of **$76,765.27,** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

B. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

        /s/ Kyle E. Pozza
        KYLE E. POZZA
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146 Benjamin Franklin Station
        Washington D.C. 20044-0146
        Tel: (202) 616-3661
        E-mail: Kyle.Pozza@usdoj.gov

Dated: July 11, 2023